EUGENE R. LONG, JR., SBN 240663
elong@stokeswagner.com
STOKES WAGNER ALC
401 West A Street Suite 2235
San Diego, CA 92101
Telephone: (619) 232-4261
facsimile: (619) 232-4840

Attorneys for Defendant
SCRUB BE LOVE LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FALLON WASHINGTON, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCRUB BE LOVE LLC,<br><br>Defendant. | Case No. 2:25-CV-11315-JAK (JDEX)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Courtroom: 10C, 10th Floor<br>Judge: Hon. John A. Kronstadt |

Defendant SCRUB BE LOVE LLC ("Defendant" or "Scrub Be Love"), by its undersigned counsel, Stokes Wagner ALC, submits the following Answer and Affirmative Defenses to Plaintiff FALLON WASHINGTON'S ("Plainitff") Complaint. By doing so, Defendant does not waive any objection or defense to the Complaint, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process and failure to state a claim upon which relief can be granted. See, e.g., Fed. R. Civ. P. 12(b), 12(h)(1)(B)(ii), 12(h)(3).

## PRELIMINARY STATEMENT

1. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 1, and therefore denies the same.

2. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 2, and therefore denies the same.

3. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 3, and therefore denies the same.

## NATURE OF THE ACTION

4. Defendant admits that this action has been brought pursuant to the TCPA. Defendant denies the remaining factual alleges in Paragraph 4.

5. Defenant admits that it engages in telemarketing text messages to promote its goods. Defendant denies the remaining factual alleges in Paragraph 5.

6. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 6, and therefore denies the same.

## PARTIES

7. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 7, and therefore denies the same.

8. Defendant admits that it is a limited liability company with its headquarters located in New York.

9. Defendant is without sufficient information to admit or deny the factual

allegations in Paragraph 9, and therefore denies the same.

## JURISDICTION AND VENUE

10. Defendant admits that this Court has jurisdiction over this matter pursuant to federal question subject matter jurisdiction over this matter as alleged in Paragraph 10.

11. Defendant denies that personal jurisdiction is proper in this District.

## FACTS

12. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 12, and therefore denies the same.

13. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 13, and therefore denies the same.

14. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 14, and therefore denies the same.

15. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 15, and therefore denies the same.

16. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 16, and therefore denies the same.

17. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 17, and therefore denies the same.

18. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 18, and therefore denies the same.

19. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 19, and therefore denies the same.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 21, and therefore denies the same.

22. Defendant denies the allegations in Paragraph 22.

**CLASS ALLEGATIONS**

23. Defendant is without sufficient information to admit or deny the factual allegations in Paragraph 23, and therefore denies the same. Defendant further denies that Plantiff is similarly situated to any other individuals in the putative class.

24. Paragraph 24 does not contain any factual allegations. To the extent that there are factual allegations, Defendant denies those allegations.

25. Paragraph 25 does not contain any factual allegations. To the extent that there are factual allegations, Defendant denies those allegations.

26. Defendant denies the allegations in Paragraph 26.

27. Paragraph 27 does not contain any factual allegations. To the extent that there are factual allegations, Defendant denies those allegations.

**COMMON QUESTIONS OF LAW AND FACT**

28. Paragraph 28 does not contain any factual allegations. To the extent that there are factual allegations, Defendant denies those allegations.

29. As to Paragraph 29, Defendant denies that there are common questions in this matter such that the lawsuit is not amenable to resolution through a class or representative action. Defendant further denies any factual allegations contained within this paragraph.

**TYPICALITY**

30. As to Paragraph 30, Defendant denies that Plaintiff's claims are typical of the claims of Putative Class Members. Defendant further denies any factual allegations contained within this paragraph.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

31. As to Paragraph 30, Defendant denies that Plaintiff is capable of adequately representing the interest of Putative Class Members. Defendant further denies any factual allegations contained within this paragraph.

**SUPERIORITY**

32. Paragraph 32 does not contain any factual allegations. To the extent that

there are factual allegations, Defendant denies those allegations.

33. Paragraph 33 does not contain any factual allegations. To the extent that there are factual allegations, Defendant denies those allegations.

**COUNT I**

34. Defendant refers to its responses to the preceding paragraphs and incorporates them by this reference as if fully set forth in this section.

35. Paragraph 35 does not contain any factual allegations. To the extent that there are factual allegations, Defendant denies those allegations.

36. Paragraph 36 does not contain any factual allegations. To the extent that there are factual allegations, Defendant denies those allegations.

37. Paragraph 37 does not contain any factual allegations. To the extent that there are factual allegations, Defendant denies those allegations.

38. Defendant denies the allegations in Paragraph 38.

39. As to Paragraph 39, Defendnat denies that Plaintiff or any Putative Class Member is entitled to any relief.

40. As to Paragraph 40, Defendnat denies that Plaintiff or any Putative Class Member is entitled to any relief.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following are not already at issue by virtue of the foregoing denials, and without prejudice to Defendant's right to plead additional defenses as discovery into the facts of the matter warrant, Defendant's hereby asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. As a separate and first affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint fails to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

2. As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant REAL alleges that any responsibilities owed by it under any alleged contract were fulfilled. The Complaint, and each cause of action within it, fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

3. As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, if Plaintiff suffered any damages, which Defendant generally and specifically denies, in the amount alleged or in any amount at all, such damages were caused, contributed to or aggravated by Plaintiff's failure to act reasonably to mitigate the damages alleged.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

4. As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, the claims are barred in whole or in part by the doctrine of estoppel as a result of Plaintiff's own acts, conduct, and/or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5. As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, the claims are barred in whole or in part by the doctrine of unclean hands as a result of Plaintiff's own acts, conduct, and/or omissions.

//

//

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6. As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, the claims are barred in whole or in part by the doctrine of waiver as a result of Plaintiff's own acts, conduct, and/or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

7. As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, the claims are barred in whole or in part by the doctrine of acquiescence as a result of Plaintiff's own acts, conduct, and/or omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Doctrine of Laches)**

8. As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Plaintiff's request for equitable relief, if any, is barred by the doctrine of laches as a result of Plaintiff's own acts, conduct, and/or omissions.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

9. As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, in sustaining the damages alleged in the Complaint, if any are found to exist, Plaintiff knowingly and voluntarily consented to or initiation of the acts or occurrences giving rise to those injuries and/or damages.

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

10. As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, the instant action is barred by one

or more of the following statutes of limitation, California Code of Civil Procedure sections 337, 338, 339, 343, 359.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

11. As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, any recovery by Plaintiff on the Complaint against Defendant would be unfair and would constitute unjust enrichment.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Conduct Not Wrongful)**

12. As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, the Plaintiff is barred, in whole or in part, because Defendant's conduct was not wrongful or otherwise unlawful.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

13. As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, the Plaintiff is barred, in whole or in part, by the doctrine of avoidable consequences as a result of Plaintiff's own acts, conduct, and/or omissions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Additional Defenses)**

14. As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges it has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available. Defendant hereby reserves its right to assert any further affirmative defenses as may be available or which may become available during the course of this proceeding in the event discovery indicates they may be appropriate.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Right to Amend)**

15. Defendant reserves its right to amend this Answer if and once additional information is obtained through discovery.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to the judgment and relief requested in the Complaint and in Plaintiff's Prayer for Relief, or any other judgment or relief.

With Respect to Each Claim for Relief:

a. Defendant denies Plaintiff is entitled to the relief requested in PRAYER Paragraph a.

b. Defendant denies Plaintiff is entitled to the relief requested in PRAYER Paragraph b.

c. Defendant denies Plaintiff is entitled to the relief requested in PRAYER Paragraph c.

d. Defendant denies Plaintiff is entitled to the relief requested in PRAYER Paragraph d.

e. Defendant denies Plaintiff is entitled to the relief requested in PRAYER Paragraph e.

f. Defendant denies Plaintiff is entitled to the relief requested in PRAYER Paragraph f.

Dated: June 1, 2026

STOKES WAGNER, ALC

By: ______________________

ADAM L. PARRY
EUGENE R. LONG, JR.
Attorneys for Defendant SCRUB BE LOVE LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

DATED: June 1, 2026

STOKES WAGNER ALC

By: ______________________

ADAM L. PARRY
EUGENE R. LONG, JR.
Attorneys for Defendant SCRUB BE LOVE LLC

Stokes Wagner ALC
401 W. A Street, Ste. 2235
San Diego, CA 92101
(619) 232-4261